UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FRANK EDWARD STORK,

    Plaintiff,

    v.       No. 2:21 CV 176

JARED HAVENS, *et al.*,

    Defendants.

## OPINION and ORDER

Frank Edward Stork, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Stork alleges that on January 3, 2021, he was staying at the Days Inn motel in Merrillville, Indiana. He drove to a nearby gas station to buy a cup of coffee, and when he was returning to the motel, he claims he was unlawfully pulled over by Officers Jared Havens, Scott Shaginaw, and Jam Medwetz of the Hobart Police Department on a "false allegation" of failure to signal. He claims Officer Havens immediately ran up to him with his gun drawn for no reason, and that all three officers punched and kicked

---

[1] Upon Stork's request, he was granted until August 13, 2021, to file an amended complaint. He was cautioned that if he did not file an amended complaint by the deadline, the court would proceed to screen the original complaint. (DE # 10.) The deadline has passed and no amended complaint has been filed.

him several times, tazed him, and allowed their K-9 to bite him, even though he was cooperating with them and doing nothing illegal. He further alleges that the officers "falsified their reports" in an attempt to "justify their misconduct" by lying about the reason they stopped him and his conduct during the stop. He sues for false arrest and excessive force, seeking $10 million in damages.

Stork is presently under indictment in this District for possessing a firearm following a felony conviction as a result of his arrest by Hobart police on January 3, 2021.[2] *See United States v. Stork*, 2:21-CR-0007-JTM-JEM (N.D. Ind. filed Jan. 21, 2021). In the criminal case, he is expressly challenging the validity of the traffic stop and the officers' actions during the stop. *Id.*, DE # 25. In a motion to suppress filed on May 24, 2021, he argues that the police "without lawful authority stopped the Defendant's vehicle, detained the Defendant, and searched his vehicle." *Id.* ¶ 2. He asserts that the police officers "lacked reasonable suspicion and/or probable cause that the Defendant was committing a traffic violation and the Defendant was committing a crime. Thus, the stop, search of his vehicle and any continued detention violated the Fourth Amendment to the United States Constitution." *Id.* ¶ 3. He further argues that the "police's use of excessive force . . . violated his right to be free from unreasonable searches under the

---

[2] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). State court records reflect that Stork was originally charged in Lake County with a number of offenses, including battery on a police officer and resisting arrest, but the charges were dismissed after he was charged federally. *See State of Indiana v. Stork*, 45G02-2101-F5-00003 (Lake Sup. Ct. dismissed Apr. 26, 2021), available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImdNU0w5NmNZUWFsOEsxbWVUWUJ2am5vaFYyT1BxYlBzclQxTFk5T1RXRVExIn19 (last visited Aug. 24, 2021).

Fourth Amendment to the United States Constitution." *Id.* ¶ 4. He asks that the court suppress all items obtained during the search of his vehicle and bar any evidence related to observations made by the officers during "the illegal stop and detention." *Id.* at 2. An evidentiary hearing on the motion to suppress is scheduled for October 13, 2021. *Id.*, DE # 48.

In effect, Stork is seeking to simultaneously litigate the same issues in both this civil lawsuit and his pending criminal case. Permitting such "parallel civil litigation" runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Allowing the civil case to proceed while the criminal case is ongoing also "opens up another can of worms, because civil discovery is much broader than criminal discovery—that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Id.*

Stork's claim that the officers fabricated evidence to use against him in the criminal case poses particular problems. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

3

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Thus, a claim alleging fabricated evidence or other forms of wrongful prosecution cannot be brought while "criminal proceedings are ongoing," and instead accrues only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019).

The Supreme Court has directed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."³ *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (observing that a court may stay a civil proceeding pending resolution of criminal proceedings "when the interests of justice" require). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

---

³ The Seventh Circuit has instructed the district courts to apply *Younger* abstention where a civil rights lawsuit overlaps with a pending criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). However, the *Younger* doctrine applies to federal interference with ongoing *state* proceedings, whereas Stork's criminal case is pending in federal court.

That is the course the court will pursue here. This case will be stayed until such time as the pending criminal case is resolved. If Stork wishes to proceed with this lawsuit, he must move to lift the stay within 30 days after judgment is entered in the criminal case. Depending on the outcome of the criminal case, the court will determine at that time whether his civil rights case may proceed. *See Wallace*, 549 U.S. at 394.

For these reasons, this action is **STAYED** pending the resolution of *United States v. Stork*, 2:21-CR-0007-JTM-JEM (N.D. Ind. filed Jan. 21, 2021). The plaintiff is **ORDERED** to file a motion to lift the stay within 30 days after judgment is entered in the criminal case. He is **CAUTIONED** that if he does not do so, the stay will be converted to a dismissal without prejudice. The Clerk is **DIRECTED** to **STATISTICALLY CLOSE** this case.

**SO ORDERED.**

Date: August 31, 2021

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT